Next case is Fernando Solis v. Department of Homeland Security, 2016-1726. Mr. Gibbons, good morning. Good morning, Judge. May it please the court, my name is Darren Gibbons. I represent the petitioner, Mr. Fernando Solis. There are two issues the petitioner sees in this appeal, judges. The first is the breadth of the finding made by the government. They want you to believe that my client was found non-selective for two positions. The breadth of the finding was much broader than that. Is your client under consideration for a third position at this point? They never responded to that application. He applied for a position that was not law enforcement. He testified relating to that position and they never – There's been no communication? None. They didn't tell him he was qualified, not qualified. They didn't respond to it at all. And then he subsequently reapplied for the same positions at issue in this case. The other issue is a due process issue. He was given a due process and the regulations provide clearly that he should have been. And I'll address those in detail. Can you clarify something for me following up on Judge Rainer's question? I thought the board decision made reference to a tentative offer for some third position? They're referring again to the same positions at issue in this case, the Border Patrol agent and the Customs and Border Patrol officer. He applied for three positions originally. That third position wasn't addressed below. He then reapplied. So just can you explain to me what was the board referring to when it said something about a third tentative offer that's different from the two tentative offers that were withdrawn? Yes. That's the subject of this appeal. The board is specifically referring to the same Border Patrol agent, Customs and Border Patrol officer. They re-advertise these every year. So if you wish to, you can reapply over and over again for the same positions, which my client took advantage of that. The problem is the polygraph, they find a three-year – without explanation they say it's – once you fail the polygraph, even if you pass all other requirements, you're still not going to get a job. But just to clarify, he did in fact receive yet another contingent offer for either a Border Patrol agent position or a CBPO. He did, but that processing at the time we had this hearing had not concluded. And what's the status of that? They never contacted him. Our understanding is that because the polygraph was still less than three years old, he was not – Okay, so after receiving the contingent offer, there's been radio silence. Correct. Okay. Correct. Why isn't this simply a case of non-selection, which we can't review? Well, the record's clear, Judge. If you look at the testimony of the key witnesses, they don't describe it that it's a non-selection just with respect to two positions. They say the opposite of that, not only in the letter, which is at issue at page 21, but in Brown's declaration at pages 71 and 72. He refers to it as a suitability determination, very broad. But it was based upon criteria following an objection, and one of the criteria was non-suitability. We dispute that it was an objection. It was a suitability finding, and they were clear in both their letter and their letter to him, which the board seems to have an amnesia. Because in their remand order, if you read their remand order, you would believe that they at least inferred at that point that my client had made a case because they referred – Well, to be fair to the board, let's not suggest they had amnesia. I think the point the board was trying to make was the letter was internally inconsistent. It said things that suggested that this was a broad suitability determination by CBP, and yet there were other statements that maybe made it look like it was a specific cancellation of an eligible or a non-selection for this particular position. So it wanted the AJ to do a hearing on that, and so the AJ brought in all of these witnesses. And then the AJ drew the conclusion that based on all the testimony from those witnesses, it supported one reading of those internally inconsistent documents, which channeled towards the conclusion that this was just a non-selection for the Border Patrol agent position and for the CBPO position. That is true, but the judge's reading we don't believe is a fair reading. If you look at the testimony of these individuals, specifically when the judge asks a question at page 735, you'll see that the judge asks, okay, so let's say you have done an entire suitability adjudication. This is the memo you would send for that. Answer, right, we would send this memo. That memo is a suitability finding. They're trying to say that it's not now because I filed this claim. But what is – isn't there a regulation that says that agencies can do a non-selection based on a suitability determination? The law was changed in 2008. Right. And in our view, the – So now that we have that regulation, and I don't see you challenging the validity of that regulation in this appeal, what we're trying to figure out is did they permissibly apply that regulation here when one division, the personnel security division, says there's a suitability problem here and then kicks that determination over to the human resources, and the human resources department is the actual department that makes the final choice of whether to go through with hiring someone. And so that seemed to be the way I was reading the various witness testimony, that perhaps the personnel security division is making a request that you should find this person unsuitable, but ultimately it's up to HR to make the final conclusion on whether to withdraw the contingent offer for this particular position. We don't agree with that position. We don't believe that HR was making the decision. We believe the decision was made by the personnel security division. In fact, Mr. Staples testifies once he failed the polygraph, it's a fait accompli. You fail the polygraph, you are not eligible. You can use the word suitability. You can use the word disqualified. You can place any label you want on it. But at that point in time, once you fail the polygraph, they found very broadly he was unsuitable for all employment. What's the difference? What's the substantive difference like in terms of duties between those that would be performed as a border patrol agent and a customs and border protection agent? I think they're both law enforcement positions, but that was not an issue below. But is there any difference? Not other than how they define the law enforcement specific duties, no. To our knowledge, no. But my client was a border patrol agent, and he served and was promoted twice in that position. And as the record shows, he had passed a background check and suitability, at least initial determination previously. What is your understanding of what an unsuitability termination does? Does it basically bar an agency from hiring an individual for any and all positions, or is it that broad? Or is it for some subset of possible positions that could be available from that agency? Well, I speak from personal experience here and not so much in the record because I am a former JAG and government counsel. And our position is that once the personnel security office goes through the criteria and the polygraph exam is a question and answer session, as the record indicates, they average almost six hours, five hours and 53 minutes. During that questioning, they're trying to determine, is this person suitable? Are they trustworthy? Are they honest? And that's the finding that they made, that my client wasn't honest. We're simply saying there should be procedural due process. Let me analogize. I'm sorry. Let me get a little more tighter with my question. Okay. We're trying to figure out here whether this was an unsuitability determination, which affords appeal rights, or whether this was merely a non-selection for a particular position. Understood. If it's the latter category, then there are no appeal rights. Understood. So now if a non-selection for a particular position, I understand what that means. That means for this particular position, you've been blocked from getting hired for it. And now I'm trying to understand, okay, what's the scale and scope of an unsuitability determination? Is it completely blocking an individual from any position that could be available for that entire agency? I believe it is, and I believe that's what they said, and that was their intent, and that they later, in realizing, they later realized that they were too broad in that explanation. But their own testimony, again, in their own sworn statements, in their own testimony, the only explanation you were given is a template, which there isn't much explanation to that other than to say it's a template. And then to say that there was – they actually testified there is another process, but when I asked what is that process, they couldn't describe it because this is the process. And because they didn't follow their own regulation, we would submit – and I'll reserve three minutes for rebuttal, and I'll close in a minute and a half. But we would submit you should look at these cases like you do security clearance cases. We always require – if someone loses a security clearance, they get procedural due process. This – they get procedural due process to any suitability finding. Let's say you have a background check and you have a criminal record, you have a bankruptcy. That personnel security office will say to you, here's the negative derogatory information we found. Would you like to respond? But they're exempting polygraphs from that. They're saying this is unreviewable. We're going to question you for six hours. We're going to find 50% of you are not qualified based on it, but you don't get to respond. You just must take our word for it, and there's no written letter. We're just saying if you're going to do it with respect to everything else, if they have a criminal record, if they have a bankruptcy, if they have a bad history, you should say to them, we questioned you. We found you were not fully forthright in the following area. Would you like to respond? And they didn't do that. And my problem having practiced in this area for my entire career is that it's not fundamentally fair to have no process in the case of a polygraph. But we submit that it was a suitability, but in the alternative, if it's not, you have procedural and substitute process arguments that I've made. Does the result of this polygraph test, it's going to endure for three years? Yes. So any position he applies for, let's say he wants to be assistant secretary for CBP or Homeland Security, this polygraph test would pop up? Yes, according to the record, yes. And so this is why I was asking you about the differences in the duties, and that's the use of a single result to decide different positions. Is there a difference with the law enforcement communications agent between that position and the other two? Yes, because it's not – the communications agent wasn't a law enforcement position. But Brian Staples testified that this finding applied to all positions, regardless if it was law enforcement or not. And we acknowledge law enforcement positions, you have a good reason to give a polygraph. We're not disputing that. We're simply saying if you're going to give every applicant that's otherwise qualified a polygraph, please give them an opportunity. If you find in six hours of questioning that they've said something that you believe is wrong or inaccurate, to respond to that. Thank you, and I reserve two minutes. Thank you, Mr. Givens. Mr. Garger for the board. May it please the court, first and foremost, there's a clarification that needs to be made. A suitability determination is not a suitability action. There was a suitability determination here. The determination was that Mr. Solis was unsuitable. What's the difference with respect to continued employment? There's important differences between a suitability determination and a suitability action. So a suitability determination typically, in a position that's being applied for that's subject to investigation, the investigator, at the end of collecting all the information from the investigation, makes a determination. Is this candidate suitable for employment, or are they unsuitable for employment? If the answer is no, it goes on to the selecting official, this information, unsuitable. So the selecting official has two options. They can object to the candidate – actually, three options. They can object to the candidate and remove that candidate from the certificate. They can process a suitability action, which could mean debarment for three years, meaning if they reapply any time in those three years, they're not going to be placed on a certificate. You call that a suitability action? That would be a suitability action, yes. So if you have a suitability determination that says in an official communication, internal communication of the agency, that says disbarred for three years, are you saying that the difference in the word determination and action is really that drastic? They're referring to two different things. A suitability determination is a – What's the difference though? If you're barred from employment, all future employment with the federal agency for three years, under a suitability determination, or you're barred for three years for federal employment under a suitability action, what's the difference? There's significant differences, significant differences. Suitability determination, if that information leads to an objection to an eligible, as it did here, that candidate can reapply. And in fact, Mr. Solis concedes he reapplied. Not only does he concede that he reapplied, he concedes that he actually received a tentative offer. That would not have happened if he was debarred. See, here's the problem that I'm having. He applied for two different positions, albeit it appears to be the same duties and, you know, a law enforcement officer. And under one determination or under one polygraph, he was found to be not suitable for this one or not selected, either one. And then, using the same polygraph, the same thing for this position. It seems to me that whatever he applies for within the agency for the next three years, he's not going to get the job, correct? Or does he have a real prospect to be employed as a law enforcement communications agent? The only information about that position, which is basically dispatch, is from Mr. Solis' testimony, saying that he applied for that. But that's not a law enforcement position. You don't have any record of that application? There's not much in this record at all except for his testimony because that's not what his claim is about. It's not a law enforcement position, so the polygraph has nothing to do with that. The polygraph is not a requirement of that position. Again, if he was debarred for three years, that would apply to all agency positions. Why wouldn't you tell him that then? Why would you inform him, not you personally? Right, I'm representing the MSPB, to be clear. But why was he not informed? I don't know. There's not much in the record at all about that because he's not bringing a claim about that position. To get back to this suitability determination, there's three options because the third option is based on an unsuitability conclusion of an investigation. There can be an objection followed by a suitability action. They're two different things, and in some cases an agency has to take a suitability action. If there was fraud in the examination process, for example, if that's the conclusion of the investigation, then that applicant will not only be found to be unsuitable, but there will be an unsuitable action taken and a referral to OPM. What does that mean, fraud in the examination? It basically means if they lied about something in their application. For example, there's a question about criminal – Cheated? Right, cheated on the examination. Fraud by the applicant. By the applicant, yes, which isn't what happened here. And just so I understand, you're saying for non-law enforcement officer positions, the polygraph test isn't a required element, and so therefore there wouldn't be some suitability determination memo from the personnel security division to HR for a contingent offer to an applicant for a non-law enforcement officer position? I mean there may still be – that position may still be subject to investigation, but the polygraph examination did not apply to that position. And I think that's why Mr. Solis didn't include that in his claims, and there's very little in the record about his application for that position. It comes from his own testimony. So we don't really know what happened in that application. We know about these two positions, and there's – the key evidence here – Let's say he had applied, and this application is pending. Are you telling us that the polygraph examination or the results of the polygraph examination would not have an influence here on this position? On the non-law enforcement? Yes. The polygraph is for the law enforcement positions. So if he didn't receive the position, that was not the reason why. And that's why the objections here were taken to the two law enforcement positions he applied for because that's – the polygraph applies directly to those. The key testimony here is really from Ms. Rolletter. The other witnesses are all dealing with the investigation, and again, the determination is this candidate suitable or unsuitable. But Ms. Rolletter is the key witness because she's actually in HR, and her testimony is once she received this information, she processed an objection. Not a suitability action, an objection, and that's in the appendix at 742-43. And her testimony is undisputed. So even though the petitioner raises some issues about credibility findings and whether the administrative judge did that correctly, there's no other witness disputes Ms. Rolletter's testimony that the agency took an objection, not a suitability action. Other evidence that corroborates her testimony is the letters that were actually sent to Mr. Solis which notify him that an objection was taken and that he was removed from the certificate. What's interesting is he was invited to reapply for those positions. If there had been a suitability action, he most certainly would not have been invited to reapply because they would have found that he should be disbarred or debarred. Finally, even this internal memo, which I think is the crux of the petitioner's claims, supports the idea that an objection was taken because it says right in the memo – Well, both on page 126 and 127 in those letters that he received. If you decide to reapply for positions. Right. But then it says the results of your polygraph will be used for three years. Right. That's correct. Doesn't that imply that you can keep on applying for this same position, but it's not going to work for three years? It means that most likely that will be reused. There's actually – a witness was asked whether – an agency witness was asked whether it would be – whether he would have the opportunity to retake it within three years, and that witness said probably not. But I guess your larger point is that if this was an unsuitability action that affords appeal rights, then the letter wouldn't say you have still the opportunity to reapply. The opportunity to reapply, and he did reapply. It's true, though, that the agency says it will reuse those results for a three-year period. And based on the witness testimony, that's most likely what would happen. They would reuse the polygraph for a three-year period. So that's the communication given to Mr. Solis. You were referring back to the internal memorandum, right? Right. And that's at Appendix 21? 21, that's correct. So let's look at that. This is actually from the assistant director of personal security division, and the position that it addresses with respect to Mr. Solis is all CBP federal employment. So is this other position I referenced, the law enforcement communications agent, is that a CBP federal employment position? It is, and that is exactly why the board – I didn't hear your answer. It is? Yes, and that's exactly why the board remanded for a hearing, because this memo is so unclear. It doesn't identify the positions at issue, and that is – I mean, that is why this is so inarticulate. This was not sent to Mr. Solis. No, but it indicates to me what the agency is thinking in terms of the use of its polygraph test or in terms of Mr. Solis. The first line of that says, an unfavorable suitability determination has been rendered for the applicant following suitability factors. So you're telling us that the word determination, it should read action, or if it read action, then it would be a suitability issue with respect to the board's jurisdiction. Now, I want to make this clear. This is coming from the investigative side of the agency. So they're talking about a determination. Was the person found suitable or unsuitable? This is going – this memo, this information is going to an HR person. That HR person decides if there will be a suitability action, and if they decide there will be a suitability action, they forward that on to their examiner. What happens – again, what happens if there's a suitability action? He's barred from employment? He could be debarred for employment up to three years, yes. But that's what's happened under the suitability determination. He's been barred. No, that's not true because he can reapply. Well, he hasn't received – he's been barred from at least two positions so far, two law enforcement positions that have different names. And from what I understand, this polygraph test is going to persist in his records for three years. Isn't that – I mean what am I not seeing here? That seems to me to be a bar for three years. The key difference is OPM regulations distinguish between an objection to a specific certificate, which is what happened here, versus – I get that. I'm looking more at the jurisdiction of the board. Right. And whether they have jurisdiction, and it depends on whether you have a suitability determination or if you have a selection issue here. That is the key question for jurisdiction. That's the key question. Whether it's for a specific position. So when I look at the internal document here, and it refers to all CB federal employment, it refers to suitability, unsuitability. And then you tell me that, well, an action hadn't been taken, so the board's jurisdiction is not invoked. But there was a determination, and under this suitability determination, Mr. Solis has been barred for three years. He's going to be barred for three years. That's not what the testimony says. No, that's what's happened. That's what the record shows. He did not get either one of the two positions because of the polygraph test. That is correct. Right. He did not get two positions. And the polygraph test is going to affect any decision involving law enforcement for the next three years. It absolutely could. Why is that not a suitability action? You know, we're looking at differences in words here. And when it comes down to differences in words, according to OPM, it's the form that matters, not the substance. Well, I'm looking at the jurisdiction of the board. And having a veteran have – or an applicant, rather, have the right to appeal. And we know that they cannot appeal when they're not selected for a particular position. But when they've been declared by an agency, we're not going to pick you regardless of what you apply for for the next three years. Then I'm beginning to think maybe that invokes a jurisdiction of the board. Prior to 2008, the board engaged in an analysis like that and called it constructive suitability. Yeah, I understand. So things changed, but I'm not sure that the change has been sufficient. I'm not sure that that's so. Anyway. Let's hear from the Department of Justice. Ms. Acevedo. May it please the court. This is a case about a simple, not appealable, non-selection, or an objection to eligible. It is not a suitability case. Congress mandated in the Anti-Border Protection Act that all applicants for law enforcement positions with the Customs and Border Patrol Agency be polygraphed as part of their background investigation. So hypothetically, if Mr. Solis applied for a position in CBP that was not a law enforcement official position but it was something else, would the polygraph test be used in that situation? It is my understanding that it would not, although I don't know whether the agency would consider it for that purpose or not. It would depend on what the requirements were for that particular position. It could also be another position for which a polygraph is required. But I can assure you that the polygraph results did not debar or cancel Mr. Solis' eligibility to seek reemployment with the agency because on four separate times since his offers were rescinded in April and June of 2013. But I guess getting back to Judge Reyna's questions, it seems, in effect, this exact same outcome, right? I mean, if he had been debarred, then he would never be able to get any of these positions. Okay, he wasn't technically debarred, but there's this polygraph test that's going to be used against him for three years. And each time that he's been applying for these positions, each time he's getting the contingent offer withdrawn. Why? Because of the polygraph test. I mean, from that vantage point, it looks like the exact same thing. There's nothing in the record to suggest that he didn't get these offers because of the polygraph. But let me be clear. The sentence that Mr. Solis is relying upon is found at pages 63, 64, 87, 126, and 127 of the record. And those are all the correspondence that the agency has with him regarding his failed polygraph. And the sentence goes like this. If you reapply for a position with CBP, the results of your last background and or polygraph examination will be used in future investigations for a minimum of three years. Now, we don't know precisely what that means, but we know what it doesn't mean. Mr. Solis had an opportunity to ask the witnesses at the jurisdictional hearing, and obviously it's his burden to prove by preponderance before his jurisdiction. The reason why the contingent offers were withdrawn here for the BPA position and the CBPO position is because of the failed polygraph. That's not true. So he was offered a position in January. The letter, this is in appendix 126. Yes. Okay. It's to Mr. Solis. And it says, we've been notified that you were found unsuitable. This is a letter where he's being told he's not going to get the CBP job, right? Then it goes on and it talks about the pre-employment requirement. And then it finally, the final sentence says, and if you decide to reapply for a position within the CBP, the results of your last background investigation and or polygraph examination will be used in future investigations for a minimum of three years. Why isn't that telling him that he filled his, he didn't get the position because of the polygraph? We don't know what it means because there was no testimony elicited on it, but we know what it doesn't mean. It doesn't mean that if he's considered in the future, he won't get a job because of the polygraph. And I can represent to you that he didn't get, he applied on four separate occasions after that and received tentative offers. Once he didn't show up for his job interview. Once he didn't respond to the agency's correspondence. And there was one instance where he had a, it's not in the record. There was no evidence it was put in the record with respect to the meaning of this particular provision. Excuse me. There is evidence in the record. And this is back at appendix 21. This is the internal memorandum. And it says that it ties the suitability determination that was used to deny him his position on the basis of criminal or dishonest conduct. That's the result of the polygraph, correct? That is the result of the polygraph. How can you argue then that the polygraph was not the basis of the denial of his position? No. Let me be clear. He didn't get the positions that were rescinded in 2013 because he failed his polygraph. That is clear. But with respect to whether he has been debarred. Now, obviously, suitability action is a term of art that's defined in the regulations at 731-203A. And in particular, an agency debarment is defined at 731-205A. And that means that you will be denied examination for or appointment going forward for a position. And we know he wasn't debarred because Mr. Staples, the author of the memorandum found in appendix 21 that Your Honor just referred to, testified on no less than six occasions that only that the memorandum was— Just try to imagine a hypothetical where someone keeps applying over and over again. And he ultimately isn't chosen because of a failed polygraph. And so for three years this keeps happening over and over again. Do you understand why, in effect, that looks like essentially an unsuitability action? Because he is being blocked from being able to get hired due to the polygraph test. It just means that he doesn't meet the requirements for the position. There are also other requirements for the position relating to your age, relating to your education, relating to your skill sets. You have to have certain language skills, certain firearms handling skills. It just means he doesn't meet one of the requirements, that he's not going to be selected for that position. But we don't know that that sentence that says used in future investigations will preclude him going forward. And, in fact, he was even offered— But we do know that—well, we don't know why he was not selected for those positions based on education and all these other elements. But we do know that criminal or dishonest conduct was a reason. I'm sorry, which positions are you referring to, the ones that were rescinded in 2013 or the ones that were—he didn't get thereafter? The ones he didn't get thereafter. No, we don't—I can assure you. So he was given—in January he applied for another BPA position, in January of 2015, within the three years. And he subsequently, in July, applied for the same position, so that application subsumed into the July one. And that's made clear in the job announcement. It's not like the lottery where if you buy two tickets, you get two chances. You don't get to apply twice to the same job position and get additional chances. Hold on a second. So there's only one— Hold on a second. Yeah. So we're in 2017 now. Yeah. Right? So this is several years after the polygraph test. Is the polygraph test still relevant, or it's no longer relevant? My understanding is he was given another polygraph on May 12 of 2015, and that he also failed—2016, 2016, and he failed that polygraph as well. So he was given an opportunity to retake the exam. Where is that in the record? It's not in the record. Well, then how can you argue on the basis of something that's not on the record? Because that's what Mr. Gibbons is arguing. Mr. Gibbons has said he's been debarred and he's not been considered for these positions, but that's simply not the case. He has been considered. He didn't show up for his job interview. He didn't respond to our correspondence. He was given another polygraph. He failed that, and there was one position that was rescinded because of that. But I can assure you he was absolutely examined for and given consideration for additional law enforcement officer position within the three-year period. The judge expressly entertained Mr. Solis' argument that the polygraph operated as a debarment on page 782 of the record, and he rejected that. He said no, because within the – it doesn't operate as a debarment because within the three-year period you have not only applied for, but on 755 of the record Mr. Solis testified he got two offers. Wait, wait, wait. Please don't speak through the judge's question. Yeah, it's getting annoying. So back to my question. If there was evidence hypothetically in the record that the polygraph tests were the reason why each and every time someone applied they had their contingent offer withdrawn. Okay, this is a hypothetical. Yes. Don't cite me anything in the record. Okay. So in this hypothetical, wouldn't that look like, in effect, a suitability action? Why wouldn't it look like that? Because it has the exact same impact as a suitability action. It may, as a practical matter, have the same effect that a suitability action would have. But it is not a suitability action, which is defined in the regulations as a debarment or a cancellation of eligibility, because the applicant can still apply. The language that is found in the record says – Right, but what's the point of applying over and over again if there's already a design in place by the government to say no to you because of the polygraph test? It could, as a practical matter, operate as a suitability action, but we don't have evidence that that is what happened here. Ma'am, if it could apply, in effect, as a suitability action, then why should we not find that that invokes the jurisdiction of the board? Because that's the issue we're looking at. Because at 731-203-B, the regulations were amended to say that you can – I get that. I get that. And you're arguing that under the new regulations this is not a suitability action. But if the effect is the same – we're talking about a federal employee here. If the effect is the same and there's going to be a debarment for three years, why shouldn't we find that that invokes the jurisdiction of the board? Because at Part 332-406-G, OPM, which has authority over suitability matters, has expressly said that if you're non-selected, you do not have appeal rights. And here, under the reg 731-203-B, Mr. Solis was simply non-selected. There's nothing in the record to support the fact that the polygraph operated as a bar to being reconsidered for another position. It may, as a practical matter, make it more difficult for him to get a law enforcement officer position, but it doesn't mean that he's not eligible to be considered for that. Has CBP changed its so-called templates so it doesn't speak in the way it speaks as to all CBP employment, non-suitability determination? I believe it has changed its forms and templates to update them. So what do they say now? I'm not familiar with what the current templates say. It has been communicated to me that they have been amended to fix the problem that we find here, the inarticulate reference to suitability, which is confusing. Thank you, counsel. I think we've explored the issue. Mr. Gibbons, we'll give you your full five minutes back, if you need it. I do. As the trial lawyer, there were a number of things said that I can't address them all, but I will address a few. The adjudication – HR doesn't make any decisions. They're administrative in function. They receive a letter that says he's unsuitable for all fair employment. That's the end of it. There's no selecting official discussion. He just gets a letter. The letter they sent him didn't reference any position. It said he failed a polygraph. There was no identification of a position, neither in the internal memo or the letter sent to him. Also, I had your same questions, Judge Chen. I drilled down on this in the record. I asked – and you look at 735 – I asked Mr. Staples about that memo. I said, okay, this is a template for any – I'm sorry, I missed – let me strike that start over. Judge Henderson asked – the judge got involved because they said this is the template for an unsuitability determination, not just a – not something less than unsuitability. And the judge asked, okay, so let's say you had done an entire suitability adjudication. This is the memo you would send for that? Witness, write, we would send this memo. They sent him – that was a suitability finding. He clarified it to the judge's question. He said it in his original testimony. He said it in his sworn statement in the EEO case, which is at pages 72 and 73. They said it over and over again. The government – Your opponent argues that that's not enough, that there may have been a determination made, but that no action was – what's your response to that? They're playing with words. In law school, we would say this is the exception, swallow the rule. The rule used to be, as he stated – well, they created – they changed the rule, so now the exception swallows the rule. You're never going to have a suitability determination if you don't find that this is one. The problem is in this particular appeal, you're not challenging the validity of the regulation. So now the next question is did they properly apply the regulation on the facts of this case? And there's at least some argument that they can make that based on some of the statements that favor their views in the documents and then the testimony by their witnesses that the AJ credited, there's a view here that ultimately what happened is that there was just a non-selection for these two particular positions. I understand your point that the memo, the template says something about all CBP federal employment. At the same time, the internal memo also talks about how the personnel division is sending this along to HR for HR's processing of an objection to an eligible or for taking other action as HR deems appropriate. And it also indicates that this subject is not entitled to MSPB appeal rights. So there's content in this memo that also supports the idea that the intentions here of the agency was, if anything, to simply cancel the eligible route for this position rather than do a full-scale, broad, what I guess we're now calling unsuitability action. And so on the facts here, if we have to review it deferentially, there's a way to just say, okay, this is affirmable. Is it right to blur the line between unsuitability actions and cancellations of eligible as the regulation currently does? I don't know. But that seems like something that's not at stake in this case because what we don't have is a facial challenge to the validity of the regulation itself. Yes, a couple of thoughts in answer to your comments, Judge. One, we don't – we can't challenge the regulation. We don't have the authority. The appellant has – you can't file a claim saying this is an unlawful regulation. That's not how the board works. That is the regulation. We're bound by it, and I quoted it in the initial appeal. Now, personally, I don't agree with it. I don't agree with what that change was in 2008. I think the court should have looked at it in 2008 perhaps when a case came to it and said this is overreaching. But we can't challenge it. We have to live with it. So what I'm saying to you is in living with the regulation as written, the exception has now swallowed the entire suitability 5 CFR 731. The whole rule is gone now because the adjudication is done in personnel security. That – there is no adjudication outside. It's all in pro forma, and it's just the sending of letters. You need to look at the thought process of what happened in the suitability office. This is a new requirement. We're now going to give all – we're going to give polygraphs to everyone. You fail. That's it. You're done. And then on balance, if you look at the totality of the record, you'll see that that decision was an effective bar. Whether they intended it or not, it was. Thank you, counsel. We'll take the case under advisement.